Fill in this information to identify your case:

Debtor 1  **Paula Speros Van Sickle**
First Name   Middle Name   Last Name

Debtor 2
(Spouse, if filing)   First Name   Middle Name   Last Name

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number:  **16-65093** -sms
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
**Sections 2.1, 3.1, 4.3, 4.4, 5.1 and 8.1**

# Chapter 13 Plan

NOTE:  The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

To Debtor(s):  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors:  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

Debtor **Paula Speros Van Sickle**　　　　　　Case number **16-65093**

### § 2.1 Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:* ☑ 36 months　　☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$770.00** ~~$1,050.00~~ per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2 Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

### § 2.3 Income tax refunds.

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

### § 2.4 Additional Payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5 [Intentionally omitted.]

### § 2.6 Disbursement of funds by trustee to holders of allowed claims.

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | Paula Speros Van Sickle | Case number | 16-65093 |
|---|---|---|---|

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1**     **Maintenance of payments and cure of default, if any.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑    Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable

| Debtor | **Paula Speros Van Sickle** | Case number | **16-65093** |
|---|---|---|---|

contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Wells Fargo | 4938 Montford Court Duluth, GA 30096  Gwinnett County | $0.00 $~~12,000.00~~ | 0.00% | **$0.00** ~~$337.00; step to $773.00 in March 2019~~ |

§ 3.2    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

  ✔    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3    **Secured claims excluded from 11 U.S.C. § 506.**

  *Check one.*

  ✔    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

§ 3.4    **Lien avoidance**.

*Check one.*

  ✔    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5    **Surrender of collateral.**

  *Check one.*

  ✔    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6    **Other Allowed Secured Claims.**
A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __4.50__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

§ 4.1    **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

Debtor    **Paula Speros Van Sickle**                              Case number    **16-65093**

§ 4.2    **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3    **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__3,750.00__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at **$350.00** $~~436.00~~ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

§ 4.4    **Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **IRS Insolvency Unit** | $**10,849.89** |

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

§ 5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

| Debtor | **Paula Speros Van Sickle** | Case number | **16-65093** |
|---|---|---|---|

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $ **8,660.00** ~~$28,238.00~~   and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3   Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**§ 6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**§ 7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**§ 8.1   Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

~~**The Chapter 7 Trustee may file a claim to be treated as an administrative expense paid at $200.00 per month.**~~

**Upon confirmation of the plan, the unpaid amount of the claim of Arnall Golden Gregory LLP shall be allowed as an administrative expense under 11 U.S.C. § 503.  Following confirmation of the plan, the claim will be payable (1) at $350.00 per month, increasing to $710.00 per month beginning September 2019 from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.**

| Part 9: | **Signatures:** |
|---|---|

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

Debtor **Paula Speros Van Sickle**   Case number **16-65093**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X **/s/ Paula Speros Van Sickle**
**Paula Speros Van Sickle**
Signature of debtor 1 executed on   **September 6, 2018**

X
Signature of debtor 2 executed on

X **/s/ Christopher J. Sleeper**
**Christopher J. Sleeper, 700884**
Signature of attorney for debtor(s)

Date: **September 6, 2018**

**Jeff Field & Associates**

**342 North Clarendon Ave.**
**Scottdale, GA 30079**

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| PAULA SPEROS VAN SICKLE, | CHAPTER 13 |
| DEBTOR | CASE NO. 16-65093-SMS |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and exact copy of the foregoing Amended Chapter 13 Plan to the following:

Mary Ida Townson, Chapter 13 Trustee        *Electronically*

Paula Speros Van Sickle
4938 Montford Court
Duluth, GA 30096

All Creditors On The
Attached Mailing Matrix

by electronic service upon filing with the Court or by placing a copy of same in a properly addressed envelope with sufficient postage affixed thereon to insure delivery and depositing same in the United States Mail.

Dated: September 7, 2018

Respectfully Submitted,
JEFF FIELD & ASSOCIATES

/s/ Christopher J. Sleeper
_____
CHRISTOPHER J. SLEEPER
Attorney for Debtor
State Bar No. 700884

342 North Clarendon Avenue
Scottdale, GA 30079
404-499- 2700
contactus@fieldlawoffice.com

```
Label Matrix for local noticing        Arnall Golden Gregory LLP              Michael J. Bargar
113E-1                                 171 17th Street, NW, Suite 2100        Arnall Golden Gregory, LLP
Case 16-65093-sms                      Atlanta, GA 30363-1031                 Suite 2100
Northern District of Georgia                                                  171 17th Street, N.W.
Atlanta                                                                       Atlanta, GA 30363-1031
Fri Sep  7 15:40:44 EDT 2018

Breast Cancer Specialists LLC          Capital One Bank (USA) N.A.            Capital One NA
975 Johnson Ferry Rd                   POBox 71083                            c/o Becket and Lee LLP
Suite 500                              Charlotte, NC 28272-1083               PO Box 3001
Atlanta, GA 30342-4737                                                        Malvern PA 19355-0701


Capital One, N.A.                      Elizabeth Childers                     CitiCards CBNA
c/o Becket and Lee LLP                 Shapiro, Pendergast and Hasty          PO Box 9001037
PO Box 3001                            Suite 300                              Louisville, KY 40290-1037
Malvern PA 19355-0701                  211 Perimeter Center Parkway, NE
                                       Atlanta, GA 30346-1305


(p)INTERNAL REVENUE SERVICE            R. Jeffrey Field                       (p)GEORGIA DEPARTMENT OF REVENUE
CENTRALIZED INSOLVENCY OPERATIONS      Jeffrey Field & Associates             COMPLIANCE DIVISION
PO BOX 7346                            342 North Clarendon Avenue             ARCS BANKRUPTCY
PHILADELPHIA PA 19101-7346             Scottdale, GA 30079-1320               1800 CENTURY BLVD NE SUITE 9100
                                                                              ATLANTA GA 30345-3202


S. Gregory Hays                        IRS Insolvency Unit                    Internal Revenue Service
Hays Financial Consulting, LLC         401 W. Peachtree St., NW               PO Box 80110
Suite 200                              Room 400, Stop 334-D                   Cincinnati, OH 45280-0010
3343 Peachtree Road, NE                Atlanta GA 30308-0000
Atlanta, GA 30326-1420


JC Penney/SYNCB                        Keller Williams Realty - Chattahoochee North   Kohls
PO Box 960090                          c/o Karren Amidon                      PO Box 2983
Orlando, FL 32896-0090                 3930 East Jones Bridge Road            Milwaukee, WI 53201-2983
                                       Norcross, GA 30092-2102


Macy's/DSNB                            Office of the United States Trustee    PYOD, LLC its successors and assigns as assi
PO Box 8053                            362 Richard Russell Building           of Citibank, N.A.
Mason, OH 45040-8053                   75 Ted Turner Drive, SW                Resurgent Capital Services
                                       Atlanta, GA 30303-3315                 PO Box 19008
                                                                              Greenville, SC 29602-9008


(p)PORTFOLIO RECOVERY ASSOCIATES LLC   Resurgens Surgery Center, LLC          S. Gregory Hays, Chapter 7 Trustee
PO BOX 41067                           5671 Peachtree Dunwoody Rd NE          Hays Financial Consulting, LLC
NORFOLK VA 23541-1067                  Ste 800                                2964 Peachtree Rd., NW, Suite 555
                                       Atlanta, GA 30342-5021                 Atlanta, GA 30305-4909


SYNCB/Belk                             Lucretia Lashawn Scruggs               Mary Ida Townson
PO Box 530940                          Shapiro Pendergast & Hasty             Chapter 13 Trustee
Atlanta, GA 30353-0940                 211 Perimeter Center Parkway, Suite 300   Suite 2200
                                       Atlanta, GA 30346-1305                 191 Peachtree Street, NE
                                                                              Atlanta, GA 30303-1770


U. S. Attorney                         Paula Van Sickle                       Wells Fargo
600 Richard B. Russell Bldg.           4938 Montford Court                    Default Doc Proc. N9286-01Y
75 Ted Turner Drive, SW                Duluth, GA 30096-4443                  1000 Blue Gentian Road
Atlanta GA 30303-3315                                                         Saint Paul MN 55121-7700
```

```
Wells Fargo                          Wells Fargo Bank, N.A.                Wells Fargo Card Services
PO Box 6995                          Wells Fargo Card Services             PO Box 5284
Portland, OR 97228-6995              PO Box 10438, MAC F8235-02F           Carol Stream, IL 60197-5284
                                     Des Moines, IA 50306-0438
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Department of the Treasury           GEORGIA DEPARTMENT OF REVENUE         (d)Georgia Department of Revenue
Internal Revenue Service             COMPLIANCE DIVISION                   Compliance Division
Philadelphia, PA 19255-0030          BANKRUPTCY SECTION                    1800 Century Blvd., NE, S9100
                                     1800 CENTURY BLVD. NE, SUITE 9100     Atlanta GA 30345-0000
                                     ATLANTA, GEORGIA 30345-3205

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Arnall Golden Gregory LLP         (d)Arnall Golden Gregory, LLP         (u)Wells Fargo Bank, N.A.
                                     171 17th Street NW
                                     Suite 2100
                                     Atlanta, GA 30363-1031
```

```
End of Label Matrix
Mailable recipients    32
Bypassed recipients     3
Total                  35
```